**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

SHENEA JAMES as administrator of the estate of DEDRICK JAMES, deceased, and SHENEA JAMES, individually,

                                              Plaintiff,

            -against-

THE UNITED STATES OF AMERICA, DEPUTY UNITED STATES MARSHAL CARLTON SMITH, CITY OF ROCHESTER, RPD OFFICER WILLIAM BAKER, RPD INVESTIGATOR RICHARD ARROWOOD, "JOHN DOE RPD OFFICERS 1-10" (names and number of whom are unknown at present), MONROE COUNTY SHERIFF TODD BAXTER, MSCO SERGEANT CHRISTIAN DEVINNEY, "RICHARD ROE SHERIFF'S DEPUTIES 1-10" (names and number of whom are unknown at present), NYSP INVESTIGATOR JEFFREY ULATOWSKI, and other unidentified members of the Rochester Police Department, Monroe County Sheriff's Office, and New York State Police,

                                              Defendants.

**23-cv-6057 (DLG)**

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE PARTIAL MOTION TO DISMISS SOME OF THE CLAIMS IN THE AMENDED COMPLAINT AND TO SUBSTITUTE THE UNITED STATES AS DEFENDANT FOR SMITH, BAKER, <u>DEVINNEY, AND ULATOWSKI</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................. i

PRELIMINARY STATEMENT .................................................................................... 1

RELEVANT FACTUAL ALLEGATIONS .................................................................. 2

**ARGUMENT** ..................................................................................................................... 4

    I.    The government's motion to substitute the U.S.A. in place of Baker, Devinney and Ulatowski and to dismiss the § 1983 claims and the state law tort claims against them must be denied. ....................................................................... 4

        A.    There is a question of fact as to whether Baker, Devinney and Ulatowski were acting under color of state or federal law. ...................................................... 4

        B.    Application of the required factors demonstrates that Baker, Devinney and Ulatowski were acting under color of state law (not federal law). ................. 6

        C.    Because there is a question of fact as to whether Baker, Devinney and Ulatowski were acting under state or federal law, the government's request to dismiss the § 1983 claims against them is premature and must be denied. ........................................................................................................ 9

        D.    Despite being cross-deputized as U.S. Marshalls, Baker, Devinney and Ulatowski were still also acting within the scope of their local and state employment, and thus may be held liable for tort claim under New York State Law—thus, the government's motion to dismiss the ninth through thirteenth claims for relief must be denied. .......................................................... 11

    II.    Plaintiff's FTCA claims are well pled against the United States of American for the tortious acts of U.S. Marshall Smith; and also for the tortious actions of Baker, Devinney and Ulatowski if they are deemed to have been acting under color of federal law. .............................................................................. 14

    **III.**    **DEFENDANTS HAVE NOT MOVED TO DISMISS PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS** .......................................................................... 16

        A.    Section 702 of the Administrative Procedure Act waives sovereign immunity of federal agencies and officers for claims seeking injunctive relief. ............................................................. **Error! Bookmark not defined.**

CONCLUSION ............................................................................................................... 17

**PRELIMINARY STATEMENT**

On September 15, 2020, Dedrick James was shot and killed because defendants negligently planned and executed of a warrant for his arrest that was issued by a New York State Court.

In their partial motion to dismiss and substitute, ECF 7, Defendants United States of America (the "USA"), Deputy U.S. Marshal Carlton Smith ("Smith"), RPD Officer William Baker ("Baker"), Monroe County Sheriff's Deputy Christian Devinney ("Devinney"), and NYSP Investigator Jeffrey Ulatowski ("Ulatowski"), do not move to dismiss the Third, Fourth and Fifth Claims for Relief in the First Amended Complaint ("FAC")—which were all pleaded under the Federal Tort Claims Act ("FTCA"). Instead, these defendants argue that the FCTA claims are the only viable claims, and that the claims pleaded directly against Smith, Baker, Devinney and Ulatowski under *Bivens* (the First and Second Claims for Relief), 42 U.S.C. § 1983 (the Sixth and Seventh Claims for Relief) and New York State common law (the Ninth through Thirteenth Claims for Relief) must be dismissed, and the U.S.A. must be substituted for these individual defendants.

Plaintiff agrees that the *Bivens* claims should be dismissed pursuant to the Supreme Court's recent decision in *Egbert* and that the U.S.A. should be substituted in place of defendant Deputy U.S. Marshall Carlton Smith only.

The remainder of the partial motion to dismiss and to substitute must be denied.

With respect to Baker, Devinney and Ulatowski, defendants' motion ignores the plain allegations of the FAC and clearly established law to urge the Court to dismiss the well-pled claims against them. In short, these defendants claim that since they were deputized as members of the U.S. Marshall's Task Force, no further analysis need be done, that they are automatically entitled to immunity for the shooting death of Mr. James, and that the U.S.A. must be substituted in their place. But the analysis is not the simple.

1

First, although Baker, Devinney and Ulatowski were "deputized" as federal officers, courts nationwide weigh several factors to determine whether the actions causing the alleged deprivation occurred under color of state or federal law. As explained below, application of the factors to the plain allegations in the FAC demonstrate that these defendants were acting under the color of state (not federal) law.

Second, although 5 U.S.C. §3374 says that such officers may be deemed federal employees under the Federal Tort Claims Act for violation of federal law, it does not state that they are deemed as such for state law, or that they cannot simultaneously be state employees. Accepting the well pled facts of the FAC as true, as the Court must on this motion to dismiss, demonstrates that the question of whether Baker, Devinney and Ulatowski were acting within the scope of their federal employment, their state employment, or both requires a factual inquiry that cannot be resolved at the motion-to-dismiss stage.

For these reasons and the reasons detailed below, plaintiff respectfully submits that with respect to Baker, Devinney and Ulatowski, defendants' motion to substitute and to partial motion to dismiss the § 1983 claims (the Sixth and Seventh Claims for Relief) and the New York State common law tort claims (the Ninth through Thirteenth Claims for Relief) must be denied.

## **RELEVANT FACTUAL ALLEGATIONS**

On September 15, 2021, Dedrick James was shot and killed during defendants' execution of an arrest warrant at 6 Vinewood Place, Rochester, New York, where Mr. James lived with his elderly grandmother. "[D]efendants and the other task force members were acting pursuant to state law when they executed the arrest warrant for Dedrick James on September 15, 2021, as the warrant was issued by a New York State court." FAC. ¶ 100.

"The MCSO Warrant Unit was the primary and/or lead agency in executing the arrest warrant for Dedrick James on September 15, 2021." *Id*. ¶ 87. "MCSO Sergeant Christian

2

DeVinney oversaw the Monroe County Sheriff's Office Warrant Unit and was the tactical leader of the Task Force. Along with NYPS Investigator Ulatowski, RPD Investigator Arrowood, Deputy U.S. Marshal Smith, and other Task Force members, DeVinney devised a plan to arrest Mr. James, which consisted of executing the warrant by rushing into the home at 6 Vinewood Place; if Mr. James had a gun, their only plan was to shoot and kill him." *Id*. ¶ 78.

"In a Supporting Deposition dated September 22, 2021, DeVinney stated that 'on 9/15/21, I was acting in my official capacity as a Deputy Sheriff … when I was notified that our warrant unit was going to make an attempt to locate and arrest Dedrick James at 6 Vinewood Place in the City of Rochester.'" *Id*. ¶ 86; see also Exhibit "A", Devinney Supporting Deposition dated Sept. 22, 2021.

"There were seven members of the Monroe County Sheriff's Office Warrant Unit who participated in the execution of the arrest warrant for Dedrick James on September 15, 2021," *id*. ¶ 88, "three members of the Rochester Police Department", *id*. ¶ 89, "two members of the New York State Police", *id*. ¶ 90, and "only one Deputy U.S. Marshall", *id*. ¶ 91.

"Baxter provided, upon information and belief, extensive training to DeVinney and the MCSO Warrant Unit about executing search and arrest warrants. That training, however, was inadequate." Id. ¶ 92. The U.S. Marshal's task force provided, at most, one annual training for members of the task force." *Id*. ¶ 93. "Thus, Baxter and the MCSO provided the majority of the training on execution of warrants to both members of the MCSO Warrant Unit and to the task force." *Id*. ¶ 94.

"DeVinney and all the other task force members, other than SMITH, received payment only from their respective local or state governments (not the federal government)," id. ¶ 98, and

performed their day-to-day operations under the control of their respective local or state agencies," id. ¶ 101.

"The U.S. Marshal's office only had a de minimis involvement in the planning and execution of the arrest warrant for Dedrick James on September 15, 2021." *Id*. ¶ 99.

## ARGUMENT

I. **The government's motion to substitute the U.S.A. in place of Baker, Devinney and Ulatowski and to dismiss the § 1983 claims and the state law tort claims against them must be denied.**

    A. **There is a question of fact as to whether Baker, Devinney and Ulatowski were acting under color of state or federal law.**

Every section 1983 action has two key elements: (1) "the violation of a right secured by the Constitution and laws of the United States" (2) by "a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Only the second element is at issue here. Notably, the government explicitly has not moved to dismiss the § 1983 claim as asserted against Devinney (See ECF 7-1 at POINT II).

There is a question of fact as to whether Baker, Devinney and Ulatowski were acting under the color of state or federal law on September 15, 2021. The government's claim that because "United States Attorney Trini E. Ross certified that Baker, Devinney, and Ulatowski were acting within the scope of their employment as Special Deputy U.S. Marshals at all relevant times", their motion to substitute and dismiss must be granted is incorrect.

It is clearly established that, "[a] plaintiff may contest the Attorney General's scope-of-employment certification before a district court." See *Wuterich* v. *Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009); see also *Gutierrez de Martinez* v. *Lamagno*, 515 U.S. 417, 434, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) ("[T]he Attorney General's certification that a federal employee was acting

4

within the scope of his employment ... does not conclusively establish as correct the substitution of the United States as defendant in place of the employee.").

Although the Second Circuit has not expressly addressed this issue, courts nationwide weigh several factors to determine whether the actions causing the alleged deprivation occurred under color of state or federal law. *See Pettiford* v. *City of Greensboro*, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008). These factors include:

> "whether the officers (1) participated in a clearly federal investigation or in a federally instigated raid; (2) presented local, state or federal identification, or were cross-deputized as federal agents; (3) received payment from the local, state or federal government; (4) had only a de minimis involvement in the actions; (5) acted pursuant to federal law; and (6) performed their day-to-day operations under the control or supervision of the local, state or federal government."

Pettiford, 556 F. Supp. 2d at 536–37, citing *Askew v. Bloemker,* 548 F.2d 673, 677 (7th Cir.1976); *Wilkinson v. Hallsten,* No. 5:06CV2, 2006 U.S. Dist. LEXIS 53822, at *25 n. 7, 2006 WL 2224293, at *8 n. 7 (W.D.N.C. Aug. 2, 2006); *Macaluso v. Dane County,* No. 94–1904, 1995 Wisc.App. LEXIS 637, at *11, 1995 WL 308718, at *3–4 (Wis.Ct.App. May 18, 1995). None of these factors, individually, establishes that municipal employees acted under color of state or federal law. Instead, courts consider the totality of the circumstances in the application of these factors to inform the resolution of the state action question.

Here, applying these factors and considering the totality of the circumstances demonstrates that, at the least, there is a question of fact as to whether Baker, Devinney and Ulatowski were acting under the color of state law, not federal law. Thus, the government's motion to substitute the U.S.A. for Baker, Devinney and Ulatowski, and dismiss the § 1983 claims and state common law claims against them, must be denied.

> **B.   Application of the relevant factors to the totality of the circumstances demonstrates that Baker, Devinney and Ulatowski were acting under color of state law (not federal law).**
>
>> **1.   Baker, Devinney and Ulatowski clearly participated in state investigation.**

Here, the FAC pleads "defendants and the other task force members were acting pursuant to state law when they executed the arrest warrant for Dedrick James on September 15, 2021, as the warrant was issued by a New York State court." FAC. ¶ 100. Moreover, there were thirteen total law enforcement officials who participated in the execution of the arrest warrant: twelve of them were local or state law enforcement, and only one U.S. Marshall. *Id*. ¶¶ 88-91.

Federal law had nothing to do with the investigation whatsoever. This was not a federal warrant. The decedent had not crossed state lines. And there were no allegations that the decedent had violated any federal law.

Thus, this factor weighs in favor of finding that Baker, Devinney and Ulatowski were acting pursuant to state law.

>> **2.   Baker, Devinney and Ulatowski presented local and state identification, even if they were cross deputized as federal agents**

Here, the FAC alleges that:

- At all times relevant, BAKER was an employee of the RPD, acting under color of law and in "compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the CITY and the RPD" and within the scope of his employment with the City and RPD. FAC. ¶¶ 33-35.
- on "September 15, 2021, DEVINNEY was acting in his official capacity as a Deputy Sheriff with the Monroe County Sheriff's Office and as the head of its Warrant Unit." *Id*. ¶ 38; see also, Exhibit "A"
- ULATOWSKI "at all times relevant to this Complaint, [was] a New York State Police Officer. At all relevant times, he was acting within the scope of his employment and under color of state law." *Id*. ¶ 42.

These allegations suggest that Baker, Devinney and Ulatowski all wearing their local

6

and/or state uniforms, and driving their local and/or state marked vehicles, there by presenting local and/or state identification. There is nothing in the pleading or in the record to suggest that Baker, Devinney and Ulatowski presented any federal identification whatsoever.

In fact, there is nothing in the record to suggest that any of the twelve local and state law enforcement personnel who participated in the warrant execution presented any federal identification whatsoever. However, at least one of the participants—ARROWOOD—who conducted surveillance and helped devise the warrant execution plan (*id*. ¶¶ 50,78) apparently was not cross deputized and was acting in his capacity as an RPD officer on September 15, 2021. See ECF 7-2 and ECF 9.

Thus, while plaintiff does not dispute that Baker, Devinney and Ulatowski were cross-deputized, this factor still weighs in favor of finding they were acting under the color of state law.

### 3. *Baker, Devinney and Ulatowski received payment from their local and/or state employers, not the federal government*

The FAC alleges that "DeVinney and all the other task force members, other than SMITH, received payment only from their respective local or state governments (not the federal government)," *Id*. ¶ 98. There is nothing in the record to contradict this allegation.

Instead, the "Special Deputation Oath of Office, Authorization and Appointment" for Baker, Devinney and Ulatowski clearly state in the "Terms of Special Deputation" that "this appointment does not constitute employment by the United States Marshall's Service, the United Stated Department of Justice, or the United States Government. The appointee … [acknowledges] that he or she is neither entering into an employment agreement with the Federal Government or any element thereof, nor being appointed to any position in the Federal Service by virtue of this special deputation." ECF 7-2.

7

Thus, this factor weighs in favor of finding that Baker, Devinney and Ulatowski were acting pursuant to state law.

### 4. *The federal government only had a de minimis role in planning and executing the operation—as the warrant was primarily planned and executed by the MCSO Warrant Unit.*

The FAC pleads that Devinney was the head of the MCSO warrant unit and that seven of the thirteen task force members were also members of the MCSO warrant unit. In contrast, there was only one federal law enforcement official who participated in the planning and execution of the warrant, defendant U.S. Marshall Carlton Smith.

The FAC pleads that Devinney and the MCSO warrant unit had primary responsibility for planning and executing the warrant, and for the training of the majority of the task force members. Thus, the lead agency was apparently the MCSO, and "[t]he U.S. Marshal's office only had a *de minimis* involvement in the planning and execution of the arrest warrant for Dedrick James on September 15, 2021." *Id*. ¶ 99.

### 5. *Baker, Devinney and Ulatowski and the other task force members acted pursuant to state, not federal law, because they were executing an arrest warrant issued by a state court judge*

Here, the FAC pleads "defendants and the other task force members were acting pursuant to state law when they executed the arrest warrant for Dedrick James on September 15, 2021, as the warrant was issued by a New York State court." Compl. ¶ 100. Thus, this factor weighs in favor of finding that Baker, Devinney and Ulatowski were acting pursuant to state law.

### 6. *Baker, Devinney and Ulatowski performed their day-to-day operations under the control and supervision of their local and/or state employers, not the federal government.*

The FAC alleges that "DeVinney and all the other task force members, other than SMITH, received payment only from their respective local or state governments (not the federal

government)," *id*. ¶ 98, and performed their day-to-day operations under the control of their respective local or state agencies," *id*. ¶ 101. Moreover, as mentioned above, , the "Special Deputation Oath of Office, Authorization and Appointment" for Baker, Devinney and Ulatowski make clear that they remained employees of their respective local and state governments, and were not employees of the federal government for any purpose. ECF 7-2. Thus, this factor weighs in favor of finding that Baker, Devinney and Ulatowski were acting pursuant to state law.

> **C.      Because there is a question of fact as to whether Baker, Devinney and Ulatowski were acting under state or federal law, the government's request to dismiss the § 1983 claims against them is premature and must be denied.**

It is premature to dismiss the § 1983 claims against Baker, Devinney and Ulatowski because there is a question of fact as to whether they were acting under state or federal law.

In *Guzman* v. *United States*, 2013 WL 543343, at *10 (S.D.N.Y. Feb. 14, 2013), *on reconsideration,* 2013 WL 5018553 (S.D.N.Y. Sept. 13, 2013), like here, the officers at issue (Clancy and Roy) were deputized as federal agents pursuant to 21 U.S.C. § 878 and the parties disagreed as to whether the officers may also be deemed employees of the City, the Court found that "[a]t this stage in the litigation, [it] [could] not definitively determine that Clancy and Roy were not acting in the scope of their employment as City, as well as Federal, officers." *Id*. (alteration added); *see also, Hayden* v. *Broward Cnty*., 2013 WL 4786486, at *4 (S.D. Fla. Sept. 6, 2013)("the question of whether any individual Defendant here was actually acting within the scope of his federal employment, his state employment, or both requires a factual inquiry that cannot be resolved at the motion-to-dismiss stage.").

The *Guzman* Court elaborated that "[t]his is in part because discovery has not yet elucidated the precise contours of the pertinent agreement among the Federal, State, and City governments." *Id*. (emphasis added). Further, the Court found that it was "not necessarily the case

9

that the task force was exclusively under the control of the federal government [because] it seem[ed] evident that the task force furthered the goals of the City just as much as it did those of the federal government." *Id.; see also*, *Chang* v. *United States*, 2007 WL 2007335, at *12–13 (D.D.C. July 10, 2007)(denying summary judgment despite an agreement between federal and local officers where "there [we]re genuine issues of material fact as to who was in control of the [] officers and whether such control was shared or joint" (id.) pursuant to the borrowed servant doctrine).

Here, it is also not necessarily the case that the task force was exclusively under the control of the federal government, because it is evident that the task force serves the interests of the respective state and local law enforcement agencies—the RPD, MCSO and NYSP—in curtailing crime, apprehending fugitives, and executing warrants.

Additionally, it appears that federal law had nothing to do with the nature and circumstances of their conduct, since the warrant was issued by a state court judge, there was only one U.S. Marshall who participated in the planning and execution of the warrant, and the warrant was executed in the City of Rochester—within the confines of the jurisdiction of the RPD, the MCSO and the NYSP.

Additionally, in his supporting deposition, Devinney specifically states that he was acting under the color of state law when he stated that, he "was acting in his official capacity as a Deputy Sheriff" on September 15, 2021 when the planning and execution of the warrant took place. See Exhibit "A"

Because Baker, Devinney and Ulatowaski's involvement and actions within such task force were within the interests of the RPD, MCSO and NYSP, they were acting within the scope of employment for their respective local and state agencies on September 15, 2021, and acting under

10

color of state law. For these reasons, the government's motion to dismiss the § 1983 claims must be denied.

> **D. Despite being cross-deputized as U.S. Marshalls, Baker, Devinney and Ulatowski were still also acting within the scope of their local and state employment, and thus may be held liable for tort claim under New York State Law—thus, the government's motion to dismiss the ninth through thirteenth claims for relief must be denied.**

The ninth through thirteenth claims for relief in plaintiff's FAC asserts claims under New York State law against Baker, Devinney and Ulatowski. Contrary to the government's claim on page 7 of its memorandum, plaintiff did not bring any claims under New York State law against U.S. Marshall Smith. See Compl. at p. 23 fn. 3.

The defendants submit that Baker, Devinney and Ulatowski were deputized as U.S. Marshall Task Force members at the time of incident, and, as such, they are deemed federal employees under 21 U.S.C. §878(b) and 5 U.S.C. §3374(c). For the reasons stated above, plaintiff does not concede that at the time of the September 15, 2021 incident, Baker, Devinney and Ulatowski were acting under color of federal law and thus deemed federal employees.

However, while §3374(c) states that such persons are "deemed an employee of the agency for purpose of chapter 73 of this title ... the Federal Tort Claims Act and any other Federal tort liability statute", it does not say they are deemed federal employees under state law or that it preempts state law, nor does it state that persons cannot simultaneously be state and federal employees.

Thus, even if Baker, Devinney and Ulatowski can be considered federal employees for the purposes of §1983 liability under 21 U.S.C. §878(b) and 5 U.S.C. §3374(c), they can also simultaneously be considered employees of the City, County and State for purposes of liability for

11

any torts they committed during the planning and execution of the warrant, and their local and state employers can be held vicariously liable under *respondeat superior*.

In New York, an employer is liable for the acts of its employees when their acts fall within the scope of employment or when such acts are "to further the employer's interest, or to carry out duties ... in furthering the employer's business." *Beauchamp* v. *City of New York*, 3 A.D.3d 465, 466 (2 Dept 2004). The test for determining if an employee was within the scope of employment is "whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Riviello* v. *Waldon*, 47 N.Y.2d 297, 302 (1979), This "depends largely on the facts and circumstances peculiar to each case," is "heavily dependent on factual considerations," and should be decided by the jury. *Id*. at 302-303; *Beauchamp*, 3 A.D.3d at 466-467 (scope of employment is a question for the jury).

In this case, defendants filed a declaration by Rebecca Smith claiming that Baker, Devinney and Ulatowski were part of U.S. Marshall's Fugitive Task Force, a USMS joint task force with local law enforcement and New York State Police, which was created to locate and apprehend individuals who were subject to federal and state arrest and search warrants. See ECF 7-2 ¶ 5. Part of this task force was "tactical leader" Sergeant Devinney of the Monroe County Sheriff's Office. Compl. ¶ 78. In addition to Devinney, there were six other members of the MCSO Warrant Unit on the task force, two members of the RPD, two members of the New York State Police, and just one U.S. Marshall.

Because the question of whether an officer's actions "were committed within the scope of his public employment and the discharge of his duties raises factual questions," such inquiries often survive motions for summary judgment, let alone motions to dismiss. *Williams* v. *City of New York*, 64 N.Y.2d 800, 802 (N.Y.1985) (citation omitted); *see also Beauchamp* v. *City of New*

*York*, 3 A.D.3d 465, 466–67 (2 Dept 2004); *Waterman* v. *State*, 19 A.D.2d 264, 267 (4 Dept 1963) (holding that "the question of whether the State is liable ... under the principle of respondeat superior presents a question of fact which cannot be summarily disposed of on a motion to dismiss").

An employee "who is transferred for a limited time of whatever duration to the service of another" is a special, or borrowed, servant. *Thompson* v. *Grumman Aerospace Corp.*, 78 N.Y.2d 553, 557 (N.Y.1991). Under New York law, "[t]he special servant rule applies only where the usual employer relinquishes control of the servant to another person, thereby making the servant a special employee of the other person and making that person, rather than the usual employer, liable for the servant's acts." *Reinitz* v. *Arc Elec. Const. Co., Inc.*, 104 A.D.2d 247, 250 (3 Dept 1984). A key to the determination is "who controls and directs the manner, details and ultimate result of the employee's work." *Zapata* v. *Riverside Study Ctr.*, No. 10 Civ. 6283(CM), 2012 WL 1744792, at *6 (S.D.N.Y. May 16, 2012) (citing *Thompson*, 78 N.Y.2d at 558). "If, at the time of an injury, the servant negligently causing the injury, is not in the service of his employer, the principle is not applicable, and the employer is not liable, but a special master, one in whose service the servant at the time is engaged, may be liable." *Ramsey* v. *New York Cent. R. Co.*, 269 N.Y. 219, 223 (1935).

"A person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other." Restatement (Second) of Agency § 226 (1958); see also Ward v. Gordon, 999 F.2d 1399, 1404 (9th Cir.1993) (same). Moreover, both masters may "be responsible for an act which is a breach of duty to one or both of them." Restatement (Second) of Agency § 226 cmt. a. Indeed, "in the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general

13

employer. There is no inference that because the general employer has permitted a division of control, he has surrendered it." Restatement (Second) of Agency § 227 cmt. b.

Here, plaintiff does not concede that Baker, Devinney and Ulatowski were "federal employees" during the planning and execution of the arrest warrant on September 15, 2021, when Mr. James was shot and killed. However, even assuming arguendo that they were "federal employees" at the time, at this stage of the litigation, it is premature to hold that they were not also acting in the scope of their employment as City, County and NYS officers.

The task force clearly serves the interests of the state and local law enforcement agencies, such as the RPD, MCSO and NYSP, in curtailing crime and apprehending fugitives, and executing warrants. Baker, Devinney and Ulatowaski's involvement and actions within such task force are similarly within the interests of the RPD, MCSO and NYSP, and thus, within the scope of employment. Therefore, Baker, Devinney and Ulatowski can be sued directly under New York State law, and the City, County and State are liable under New York law, through *respondeat superior*, for their actions—especially as Plaintiff has pled that Baker, Devinney and Ulatowski were employees of the City, County and State and that they were acting in the scope of their employment during the alleged acts. Compl. ¶¶ 35, 38, 41, 42.

II.   **Plaintiff's FTCA claims are well pled against the United States of American for the tortious acts of U.S. Marshall Smith; and also for the tortious actions of Baker, Devinney and Ulatowski if they are deemed to have been acting under color of federal law.**

Notably, the government's motion does not seek to dismiss the FTCA claims—the Third through Fifth Claims for relief in the FAC. Instead, the government argues that the FCTA claims are the only viable claims in plaintiff's FAC, and that all other claims must be dismissed.

With respect to Deputy U.S. Marshall Carlton Smith, plaintiff agrees. The only other claims pled against Smith were the *Bivens* claims—the First and Second Claims for Relief. Plaintiff agrees

14

that pursuant to *Egbert*, these claims are not viable and agrees to dismiss First and Second Claims for Relief, and to substitute the U.S.A. for Smith, and to dismiss Smith as a direct defendant.

For the reasons stated in Point I, plaintiff's § 1983 claims and state common law claims are properly pled against Baker, Devinney and Ulatowski.

However, if the Court disagrees and finds that Baker, Devinney and Ulatowski were acting under color of federal law, instead of under color of state law, then the U.S.A would be liable for their conduct, and the FTCA claims were properly pled against the U.S.A. for their tortious conduct as well. See Compl. at pg. 14 fn 1.  Again, defendants have not moved to dismiss these claims.

### III. The Thirteenth Claim for Relief—failure to intervene—is properly pled under state law.

As Chief Judge Elizabeth Wolford recently held in granting the plaintiff's motion to remand in *Meeks* v. *City of Rochester, et al.*, and granting plaintiff's request for attorney's fees and costs as a result of the City improperly removing a case that clearly contained no federal claims, a plaintiff may properly allege a "failure to intervene" claim under New York State law. No. 6:22-CV-6163 EAW, 2022 WL 13789086, at *2 (W.D.N.Y. Oct. 24, 2022) ("Removing Defendants contend that the fourth claim for relief contained in the amended complaint, which is for failure to intervene, raises a federal question. (Dkt. 5 at ¶ 7 ("[T]he City's position is that [Plaintiff's counsel] has recasted a 42 USC § 1983 Failure to Intervene Claim as state law claim to avoid federal review.")). However, nothing on the face of the FAC suggests that this is a federal cause of action—there is no invocation of "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the contrary, and as Plaintiff notes, this claim expressly asserts a respondeat superior theory of liability against the City, which is not available under federal law.").

15

Here, the Thirteenth Claim for Relief is similarly properly pled as a claim under New York State law, and similarly asserts a *respondeat superior* theory of liability against the City, which is unavailable under federal law. Thus, for the same reasons articulated by Chief Judge Wolford in *Meeks*, defendants argument that the Thirteenth Claim for Relief is a federal claim is completely meritless.

IV. **DEFENDANTS HAVE NOT MOVED TO DISMISS PLAINTIFF'S INJUNCTIVE RELIEF CLAIMS**

In addition to seeking monetary relief, plaintiff seeks declaratory and injunctive relief requiring the MSCO Warrant Unit and the U.S. Marshal's task force to wear body worn cameras during warrant executions. The federal defendants have not challenged plaintiff's ability to bring the claims for injunctive or declaratory relief on any grounds whatsoever, including that they lack standing to do so.

Section 702 of the APA provides, in relevant part, that:

> "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States."

5 U.S.C. § 702 (2005). This provision waives sovereign immunity for actions in which plaintiffs seek injunctive relief against federal agencies and officers. This "waiver of sovereign immunity applies to any suit whether under the APA or not." *Chamber of Commerce* v. *Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996). For example, in *Schnapper* v. *Foley*, 667 F.2d 102 (D.C. Cir. 1981), the D.C. Circuit found that the doctrine of sovereign immunity did not insulate the United States and its officers from a suit for injunctive relief. The court looked to the 1976 amendments to Section 702 of the APA to guide its determination that sovereign immunity did not bar plaintiff's claim for injunctive relief:

16

> "[T]he legislative history of [the 1976 amendments] could not be more lucid. It states that this language was intended "to eliminate the defense of sovereign immunity with respect to any action in a court of the United States seeking relief other than money damages and based on the assertion of unlawful official action by a Federal officer."

*Id*. at 107 (citing S. Rep. No. 996, 94th Cong., 2d Sess. at 2 (1976)).

In *Clark* v. *Library of Congress*, 750 F.2d 89 (D.C. Cir. 1984), the D.C. Circuit concluded that "the 1976 amendments to § 702 of the Administrative Procedure Act, 5 U.S.C. § 702 eliminated the sovereign immunity defense in all actions for non-monetary relief against a U.S. agency or officer acting in an official capacity." *Id*. at 102. See also *Dronenburg* v. *Zech*, 741 F.2d 1388, 1389-92 (D.C. Cir. 1984) (finding subject matter jurisdiction over the United States Navy despite a claim of sovereign immunity).

Thus, even though defendants have not moved to dismiss plaintiff's injunctive relief claims, to be sure, plaintiff has standing to seek such relief and the government is not entitled to sovereign immunity on the injunctive relief claim.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully submits that defendants' motion must be denied in its entirety, other than the dismissal of the *Bivens* claims (the First and Second Claims for Relief) and the request to substitute the U.S.A. as defendant in place of Deputy U.S. Marshall Smith.

Dated:  March 10, 2023                                    Respectfully Submitted,
        New York, New York

                                  BY:     ~//s//~
                                           Elliot Dolby Shields
                                           Roth & Roth, LLP
                                           Co-Counsel for Plaintiffs
                                           192 Lexington Avenue, Suite 802
                                           New York, New York 10016
                                           Phone:  (212) 425 1020