**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENEA JAMES as administrator of the estate of DEDRICK JAMES, deceased, and SHENEA JAMES, individually, | **23-cv-6057 (DLG)** |
| Plaintiff, | |
| -against- | |
| THE UNITED STATES OF AMERICA, DEPUTY UNITED STATES MARSHAL CARLTON SMITH, CITY OF ROCHESTER, RPD OFFICER WILLIAM BAKER, RPD INVESTIGATOR RICHARD ARROWOOD, "JOHN DOE RPD OFFICERS 1-10" (names and number of whom are unknown at present), MONROE COUNTY SHERIFF TODD BAXTER, MSCO SERGEANT CHRISTIAN DEVINNEY, "RICHARD ROE SHERIFF'S DEPUTIES 1-10" (names and number of whom are unknown at present), NYSP INVESTIGATOR JEFFREY ULATOWSKI, and other unidentified members of the Rochester Police Department, Monroe County Sheriff's Office, and New York State Police, | |
| Defendants. | |

**MEMORANDUM IN OPPOSITION TO THE MOTION BY MONROE COUNTY SHERIFF TODD BAXTER AT ECF 5**

## **PRELIMINARY STATEMENT**

Defendant Monroe County Sheriff Todd Baxter is in default because he has failed to respond to the First Amended Complaint ("FAC"), the operative pleading in this case. The FAC was properly and timely filed on February 7, 2023 (ECF 6) pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) within 21 days of the motion to dismiss filed by defendants William Baker, Christian DeVinney, Jeffrey Ulatowski (ECF 3), and the motion to dismiss filed by Monroe County Sheriff Todd Baxter (ECF 5).

Prior to this case being removed to federal court, the Monroe County Law Department filed a motion to dismiss on behalf of Baxter and Devinney (See ECF 1-2). However, before the case was removed, the United States Attorney's Office took over the representation of Sheriff's Deputy Christian DeVinney, claiming that he was acting in his capacity as a Special Deputy U.S. Marshall during the incident. (See ECF 1, 3, 7). The U.S. Attorney's Office filed a Notice of Removal on behalf of Devinney (and RPD officer William Baker and NYSP officer Jeffrey Ulatowski), and then moved to dismiss the complaint against DeVinney (ECF 3). Thereafter, defendant Baxter filed his motion to dismiss in this Court on February 6, 2023 (ECF 5).

The next day, February 7, 2023, plaintiff filed the FAC (ECF 6), which added a cause of action for Supervisory Liability under § 1983 against Baxter, and mooted the prior motion filed by the Sheriff Baxter at ECF 5. Sheriff Baxter has not responded to the FAC by filing either an answer or a motion to dismiss. Thus, Baxter is in default, and plaintiff requests that the Court order the Sheriff Baxter to file an answer to the FAC within 21 days, as required by Rule 12 of the Federal Rules of Civil Procedure.

1

**ARGUMENT**

I.  **PLAINTIFF PROPERLY AMENDED THE COMPLAINT AFTER REMOVAL PURSUANT TO FRCP 15(a)(1)(B) AND SHERIFF BAXTER IS IN DEFAULT IN RESPONDING TO THE FAC.**

Rule 1 of the Federal Rules of Civil Procedure states, "*These rules govern the procedure in all civil actions and proceedings in the United States district courts*, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 15(a)(1)(B) provides that: "A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15.

Here, after the case was removed to federal court, Baker, DeVinney and Ulatowski filed a motion to dismiss pursuant to Rule 12(b) on January 27, 2023 (ECF 3). Thereafter, the Monroe County Law Department filed its motion to dismiss on February 6, 2023 (ECF 5).

Thereafter, within 21 days of both motions being filed, on February 7, 2023, plaintiff exercised her absolute right pursuant to Rule 15(a)(1)(B) to file an amended complaint. (ECF 7).

Sheriff Baxter and the Monroe County Law Department are well aware that the filing of an Amended Complaint in response to a motion to dismiss moots the original motion. *See, e.g.*, *Woodward* v. *The City of Rochester et al*, 21-cv-6685 (FPG) at ECF 13 ("TEXT ORDER: Plaintiff filed an Amended Complaint in response to the County Defendants' first motion to dismiss the Complaint. ECF No. [12]. Therefore, the County Defendants first motion to dismiss the Complaint, ECF No. [5], is DENIED AS MOOT. *McIntyre* v. *City of Rochester*, 228 F. Supp. 3d 241, 242 (W.D.N.Y. 2017) ("[T]he filing of the amended complaint moots the motion to dismiss the original complaint."). The Amended Complaint is the operative pleading. SO ORDERED. Signed by Hon. Frank P. Geraci, Jr. on 4/26/2022.").

Sheriff Baxter has failed to respond to the FAC by filing either an answer or a motion to dismiss. Notably, both the U.S. Attorney's Office and the City of Rochester Law Department responded to the FAC by filing a motion to dismiss (ECF 7) and an Answer (ECF 9), respectively. Thus, it is undisputed that the FAC is the operative pleading in this case, and that the Monroe County Law Department has failed to respond to the FAC on behalf of Sheriff Baxter. Therefore, Baxter is in default for failing to respond to the FAC.

The caselaw confirms the rules, which make clear that a Plaintiffs have an "absolute right" under Rule 15 to file an amended complaint without seeking leave of court. *Gaming Marketing Solutions, Inc. v. Cross*, 528 F. Supp. 2d 403, 406 (S.D.N.Y. 2007) (quotations omitted); *see In re Agent Orange Product Liability Litigation*, 517 F.3d 76, 103-04 (2d Cir. 2008) (holding that the district court erred in denying leave to amend because plaintiffs "were entitled to amend their complaint as a matter of right without leave of the district court"); *see also Gosain v. State Bank of India*, 414 Fed. App'x 311, 315 (2d Cir. 2011); *see also Buffalo State Alumni Ass'n, Inc. v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 572 (W.D.N.Y. 2017)

This is further confirmed by common sense, as the *Iqubal/Twombley* federal pleading standard does not apply in state court. *Vargas* v. *City of New York,* 105 A.D.3d 834, 834–837, 963 N.Y.S.2d 278 [2d Dept.2013] [In granting defendants' motion seeking to dismiss plaintiff's claim pursuant to 42 USC § 1983 for failure to state a cause of action, the court applied the standards promulgated by CPLR § 3211(a)(7) and the case law interpreting it.]; *Brown* v. *City of New York*, 56 Misc. 3d 1218(A), 65 N.Y.S.3d 490 (N.Y. Sup. Ct. 2017), *aff'd*, 170 A.D.3d 596, 96 N.Y.S.3d 577 [1st Dept. 2019] [same]; *Nasca v. Sgro,* 101 A.D.3d 963, 963–965, 957 N.Y.S.2d 246 [2d Dept 2012] [same].

Thus, the rules and the caselaw make clear that the complaint can be amended as of right after the action is removed, regardless of whether a motion was filed in state court. Of course, that only makes even more sense in this case, where the representation of MSCO Sheriff's Deputy Christian DeVinney was taken over by the U.S. Attorney's Office—which has filed two motions to dismiss on his behalf, one for the original complaint (ECF 3) and one for the FAC (ECF 7).

II. **ALTERNATIVELY, BAXTER ONLY MOVED TO DISMISS THE CLAIM FOR NEGLIGENT TRAINING, SUPERVISION AND DISCIPLINE—BUT NOT THE NEGLIGENT PLANNING CLAIM OR ANY OF THE OTHER CAUSES OF ACTION**

In the event the Court considers the arguments advanced in the motion filed by Sheriff Baxter in State Court prior to removal to this court, it must be noted that Baxter only moved to dismiss the Seventh Claim For Relief pleaded in that complaint—but did not move to dismiss any of the other causes of action, which were also pled against him and all the other defendants collectively.

Thus, by choosing to only move to dismiss some of the claims pleaded against him in its original motion in state court, the County has waived any argument that the First through Sixth Claims for Relief in the Original Complaint[1] were not properly pled against defendant Baxter.

Specifically, the negligent planning claim is well pled against Baxter. Recently, in numerous cases arising from the protests in September 2020, Judge Geraci denied the Sheriff Baxter's motions to dismiss the negligent planning claims pleaded against him.

The negligent planning claim arises from the Court of Appeals recent decision in *Ferreira* v. *City of Binghamton*. There, the Court of Appeals held that where law enforcement takes control

---

[1] These claims were for: First, Negligent Planning; Second, Wrongful Death; Third, Emotional Loss; Fourth, Negligence; Fifth, Assault and Battery; Sixth, Failure to Intervene.

of a dangerous situation that they affirmatively created, the municipality owes the plaintiff a special duty. 2022 NY Slip Op 01953 at *5-6 (Mar. 23, 2022).

In *Ferreira*, the Court expanded the reach of the third of the three methods of proving "special duty". Under New York case law, there are three ways to establish a "special duty":

1) The plaintiff belonged to a class for whose benefit a statute was enacted;

2) That the government worker formed a "special relationship" with the plaintiff; and

3) **The municipality took positive control of a known and dangerous safety condition.**

*Applewhite v Accuhealth, Inc.*, 995 N.E.2d 131, 135 (2013)

In *Ferreira*, the Court found that plaintiff had established a special duty under the "took positive control of a known and dangerous safety condition" method. *Id*. The Court relied on one of the few Court of Appeals cases that has addressed that method: *Smullen* v *City of New York*, 28 NY2d 66 (1971). There, a municipal inspector on a worksite informed the decedent that a trench did not need to be shored just before it collapsed, killing the decedent. The inspector was the only person in authority then present. The Court found that a special duty was established because the inspector took positive action in assuming direction and control over the dangerous situation.

Notably, the Court apparently adopted the argument of *amici* New York County Lawyers Association and National Police Accountability Project, that:

> "this Court should find that there is a special duty here because of the dangerous situation the officers, and the City, created. This raid is an example of a municipality "assum[ing] positive direction and control in the face of a known, blatant and dangerous safety violation" (*McLean v City of New York*, 12 N.Y.3d 194, 199 [2009]). This Court has found municipal liability under the special duty rule when a municipal agent had control over "an 'inherently dangerous' instrumentality which is in the same class as an explosive substance, inflammable material, a live electric wire or a spring gun" (*Smullen v City of New York*, 28 N.Y.2d 66, 71 [1971]). In this case, as in *Smullen*, municipal officials were physically present at the scene,

5

>were aware of that inherent danger, and acted positively in assuming direction and control at the accident site (in *Smullen*, by representing that an area was safe to enter, and in the instant case by affirmatively creating a dangerous situation through their negligent planning). Indeed, here, *Ferreira* was among a limited class of people for whom the City assumed a duty in executing the "no-knock" warrant."

(Lauren Bonds, Robert Rickner and Elliot Shields, Amicus Brief of the New York County Lawyers Association and National Police Accountability Project p. 27-28, *Ferreira* v. *City of Binghamton*, CTQ 2020-00007, available at: https://www.nycla.org/pdf/FerreiravBinghampton-NYCLA-amicus-amicusbrf.pdf)[2]

The facts here fit squarely within the holding of *Ferreira*. The complaint pleads that the BAXTER, acting in concert with other law enforcement officers, affirmatively created a "dangerous situation" by negligently planning the warrant execution. Specifically, BAXTER created a dangerous situation by developing warrant execution plan that did not consider other safer options for apprehending Mr. James. ECF 1-2, Complaint ¶ 65.

Sheriff's Deputies then "affirmatively took control" of the "dangerous situation" Baxter and the other had created by surrounding Mr. James house, knocking on his front door, and entering his home to execute the warrant.

BAXTER and the County were in the best position to ensure that plaintiff's rights were not violated. Baxter had primary responsibility for training seven of the 12 membrers of the U.S. Marshall's Task force, who were all members of the MCSO warrant unit.

The New York Court of Appeals has observed that "the key in [finding a duty] is that the defendant's relationship with either the tortfeasor or the plaintiff places the defendant in the best position to protect against the risk of harm" (*Hamilton* v *Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 233

---

[2] Notably, the *Smullen* argument was not advanced by the Plaintiff in *Ferreira*.

[2001], op. after certified question answered, *Hamilton* v *Beretta, et al.,* 264 F.3d 21 [2d Cir 2001]). In developing and implementing warrant execution plan, BAXTER had weeks to ensure that his officers were properly trained and devised a safe plan for executing the warrant.

Thus, Plaintiff has adequately pled that the Baxter owed plaintiff a special duty under *Ferreira*, and that his breach of that duty caused Plaintiff's injuries. For these reasons, even though the County never moved to dismiss the Negligent Planning claim, it should nevertheless not be dismissed because it was adequately pled.

### III. ALTERNATIVELY, IF THE ARGUMENTS ADVANCED IN BAXTER'S MOTION ARE APPLIED TO THE FAC, THEN THE SUPERVISORY LIABILITY CLAIM UNDER § 1983 CANNOT BE DISMISSED

The FAC, the operative pleading, included a supervisory liability claim pleaded directly against defendant Baxter under § 1983, the Eighth Claim for Relief, that was not pleaded in the original complaint. Thus, even if the arguments advanced in Baxter's prior motion filed in state court are applied to the FAC, then the Supervisory Liability Claim cannot be dismissed.

Nevertheless, as Judge Geraci has expressly held in a prior lawsuit against Sheriff Baxter, "Sheriffs can be held liable under § 1983 in their individual capacities for their negligent acts of failing to adequately train and supervise their subordinates." *Duran* v. *Cty. of Monroe*, No. 19-CV-6341-FPG, 2019 WL 6464279, at *5 (W.D.N.Y. Dec. 2, 2019) (FPG); see also *Ryan v. Moss*, No. 11-CV-6015P, 2013 WL 956722, at *19 (W.D.N.Y. Mar. 12, 2013) ("a sheriff may be held liable for his own negligent conduct, including a failure to train or supervise his subordinates"), *citing Cash* v. *Cnty. of Erie,* 2007 WL 2027844 at *5 (W.D.N.Y. 2007) ("a cause of action sounding in negligence is legally sustainable against a [sheriff] when the injured party demonstrates that he was injured due to the negligent training and supervision of a law enforcement officer") (quoting *Barr v. Albany Cnty.,* 50 N.Y.2d 247, 257(1980)); *Pickett v. Cnty. of Orange,* 879 N.Y.S.2d 182, 184 (2d Dep't 2009) ("although the [s]heriff could not be held liable

7


for the acts or omissions of his deputies ... **he could be held liable for failure to properly train and instruct his deputies**") (internal citation omitted).

Thus, this claim is well pled and cannot be dismissed.

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully submits that the County's "motion" at ECF 5 is moot, that Sheriff Baxter is in default for failing to respond to the FAC, and that Baxter should be ordered to file an answer to the FAC within 21 days.

Dated: March 10, 2022  
       New York, New York

Respectfully Submitted,

BY:  _____~//s//~_____  
Elliot Dolby Shields  
Roth & Roth, LLP  
Co-Counsel for Plaintiffs  
192 Lexington Avenue, Suite 802  
New York, New York 10016  
Phone: (212) 425 1020