# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

March 16, 2023

**VIA ECF**
Hon. David G. Larimer
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    Re:    *James.* v. *United States of America, et al.,*
                23-cv-6057 (DGL)(MJP)

Your Honor,

    I represent plaintiff Shenea James in the above reference matter. I write on behalf of plaintiff, pursuant to Western District of New York Local Rule 7(a)(6) to request permission to file a sur-reply to respond to new arguments raised in the reply papers filed by defendant Monroe County Sheriff Todd Baxter.

    Specifically, Sheriff Baxter chose not to file a motion to dismiss with respect to the Amended Complaint. Instead, Sheriff Baxter requests that the Court apply the arguments in their previously filed motion to dismiss the original complaint, which was filed in state court, to the Amended Complaint. Plaintiff does not oppose this request.

    However, plaintiff's amended complaint added a claim against Sheriff Baxter under 42 U.S.C. § 1983 for Supervisory Liability. Because this claim was added after the Baxter moved to dismiss the claims in the original complaint, he never moved to dismiss this claim, which plaintiff pointed out in her opposition to the Baxter's motion to dismiss.

    In reply, Baxter argues that, "the additional [supervisory liability] claim against Baxter is substantially similar to the negligent training and supervision claim in the first complaint, and should be dismissed for substantially similar reasons as contended in the County's motion to dismiss, i.e., lack of sufficient factual pleading. See Lin v. Cnty. of Monroe, 66 F. Supp. 3d 341, 352 (W.D.N.Y. 2014)."

    Baxter's citation to the *Lin* case is misplaced, because that case has absolutely nothing to do with the proposition for which it was cited—that arguments made in a previously filed motion to dismiss certain claims pled under New York State law should be applied to a new cause of

action pled under § 1983, which was not contained in the original complaint. In fact, *Lin* was a decision on a motion for summary judgment in a case filed a by pro se plaintiff and did not contain any analysis of whether the claims in the pro se complaint were sufficiently pled; instead, the claims were dismissed because "Plaintiffs allegation regarding Deputy Surowy has not been substantiated by discovery" and because "there is no *evidence*" to support the *Monell* claims. *Lin v. Cnty. of Monroe*, 66 F. Supp. 3d 341, 352 (W.D.N.Y. 2014). Thus, *Lin* also does not support Baxter's argument that the § 1983 supervisory liability claim was insufficiently pled.

      Thus, because *Lin* is completely inapplicable and does not support Baxter's argument that its original motion to dismiss the state law claims in the original complaint should be applied to the § 1983 supervisory liability claim in the amended complaint, and/or that the § 1983 supervisory liability claim was insufficiently pled, Baxter's procedurally improper request that the Court dismiss the § 1983 supervisory liability claim must be denied.

      Plaintiff appreciates the Court's time and attention to this request.

                                                    Respectfully,

                                                    Elliot Shields

Enc.
cc: All Counsel of Record (by ECF)