UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHENEA JAMES, as Administrator of the estate of DEDRICK JAMES, deceased, and SHENEA JAMES, Individually,

                Plaintiff,

v.

THE UNITED STATES OF AMERICA, et al.,

                Defendants.

MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT
CASE NO.: 21-cv-06318-EAW

## SUMMARY OF FACTS

See Statement of Undisputed Facts for additional detail of the September 15, 2021 incident and actions. On September 15, 2021, Plaintiff Dedrick James was a wanted fugitive for committing assault in the second degree against his two year old son. There was a warrant issued from the Town of Marion in Wayne County, New York. Plaintiff was known to be residing at 6 Vinewood Place in Rochester New York. There was information froom the Lyons Police Department that the wanted Plaintiff, Dedrick James, owned a 2013 White Dodge Dart registered to the address of 6 Vinewood Place in the City of Rochester. All of the above-stated information was relayed to the United States Marshal's Task Force, including the arrest warrant. See Exhibit A.

The United States Marshal's Task Force set up surveillance at the Vinewood residence on September 14, 2021 and broke down with no results that day. On September 15, 2021 a task force member drove by the residence and saw the suspect vehicle and surveillance was again set up and a briefing of the task force occurred. The

task force knocked on the door of the residence and entered the house upon the door being opened.  Upon entering, task force members Ulatowski, Baker and Smith entered and followed suspect James into the back of the house where a struggle ensued.  The suspect James possessed a handgun, which discharged during the struggle, striking James.  James was pronounced deceased when Emergency Medical Technicians arrived on the scene.   See Exhibit A.

The City of Rochester was not running the search for the warrant suspect Dedrick James, this was an operation run by the Co-Defendant United States.  See Exhibit D, pgs. 2 and 6.   Richard Arrowood is the only named defendant who falls under the supervision of the Rochester Police Department and that is because his deputization was not in effect at the time of the September 15, 2021 incident.  See Exhibit D, pg. 6.

## **STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this determination, a court must assess whether there are any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49,  (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991).  A fact is "material" only if it has some effect on the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000).  A dispute regarding a material fact is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the non-moving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

**ARGUMENT**

The City of Rochester does not operate or supervise the United States Marshal Task Force. Congress authorized the USMS to investigate fugitive matters. See 28 U.S.C. § 566(e)(1)(B) ("The United States Marshals Service is authorized to . . . investigate such fugitive matters, both within and outside the United States, as directed by the Attorney General.") (emphasis added)). The statute empowers the USMS to pursue fugitive matters in general, without regard to the state or federal nature of the underlying charges. The USMS has also been authorized to deputize "federal, state, or local law enforcement officers whenever the law enforcement needs of the U.S. Marshals Service so require" to perform the functions of a Deputy United States

Marshal. 28 C.F.R. § 0.112(b).  At the time of the subject incident of September 15, 2021, Rochester Police Department Officer William Baker ("Baker"), Monroe County Deputy Sheriff Christian Devinney ("Devinney"), and NYSP Investigator Jeffrey Ulatowski ("Ulatowski") were deputized as Special Deputy U.S. Marshals as part of the USMS Task Force.  See Exhibit D pg. 2.  The only named Rochester Police Office, Richard Arrowood, was participating in this United States Marshal Task Force operation, under the assumption  that he was deputized as he is and was a member of the United States Marshal Task Force.  However his deputization was not in effect at the time of the September 15, 2021 incident.  See Exhibit D, pg. 6.

I. **NO CAUSE OF ACTION LIES AGAINST THE CITY OF ROCHESTER OR INVESTIGATOR ARROWOOD**

The Plaintiffs' Ninth (Negligent Planning), Tenth (Wrongful Death), Eleventh (Negligence), Twelfth (Assault and Battery)  and Thirteenth (Failure to Intervene) seemingly attempt to bring the City of Rochester into liability for these causes of action by claiming Respondeat Superior.  All fail to establish liability against Defendants City of Rochester and Richard Arrowood.   As outlined above, the named Rochester Police Officers Richard Arrowood and William Baker were members of the United States Marshal's Task Force on September 15, 2021 but only William Baker was actively deputized and in the employ of the United States (he is being represented, defended and indemnified by the United States).  Therefore, the only defendant the City of Rochester would be responsible for in the matter under the doctrine of Respondeat Superior is Richard Arrowood.

It has been shown that the only role that Richard Arrowood participated in during the operation September 15, 2021 was that of surveillance and securing the rear perimeter when the house was entered through the front door by members of the United States Marshal's task force.   He had no planning role in this operation and he had no contact with Dedrick James physically or verbally; he only surveilled James' vehicle, the 2013 Dodge Dart.  Pursuant to the facts of this case, as they are laid out here, there is absolutely no manner that the City can be held liable, through Respondeat Superior, for the Ninth, Tenth< Eleventh, Twelfth or Thirteenth Causes of Action.

**NINTH CAUSE OF ACTION (Negligent Planning)**

The Ninth cause of action (Negligent Planning) cannot survive this motion for summary judgment.   It has been established through documentary evidence in admissible form that Investigator Arrowood was not involved in the planning of the execution of the arrest warrant in this matter   See Exhibit A, B, C, D and E.  There has been no proof shown nor can be shown that Investigator Arrowood participated to any degree more that visual surveillance of the 2013 Dodge Dart automobile and perimeter security of the rear yard when the task force entered the house at 6 Vinewood to arrest Mr. James.

**TENTH CAUSE OF ACTION (wrongful death)**

Wrongful death cannot be established or maintained in this action by the Plaintiffs.  To establish wrongful death in a New York State claim Plaintiff must show: (1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused.  *Proano v. Gutman, et al., 211 A.D.3d 978.*

Here, Arrowood had no contact with the deceased. Even if he was negligent in his role of surveillance of a car or his securing the perimeter of the rear year, he did not act in a manner that caused Mr. James death. He was present in the yard but did not have contact with Mr. James nor did he even enter the house where Mr. James died. See Exhibit C and Exhibit E, entirety.

**ELEVENTH CAUSE OF ACTION (Negligence)**

The analysis of this cause of action would be the same or similar to the analysis of Negligent Planning. No theory of negligence of Arrowood has been presented for the actions of of Richard Arrowood to support any theory of negligence causing harm to Mr. James from Arrowood. Even if he was negligent in surveilling a vehicle (the 2013 Dodge Dart or securing the back yard of the house, neither of these actions put him in contact with Mr. James or caused any injury to Mr. James. He was neither the proximate cause of Mr. James' injury nor did his action have anything to do with Mr. James. Arrowood was simply at the location of 6 Vinewood Place.

**TWELFTH CAUSE OF ACTION (Assault and Battery)**

It has been shown through documentary and testimonial evidence that Arrowood had no contact with Mr. James on September 15, 2021. See Exhibits A, B, C and E, entirety. Therefore any claim for civil Assault or Battery fails in a New York State cause of action. "Civil assault" is intentional placing of another person in fear of imminent harmful or offensive contact, while "civil battery" is intentional wrongful physical contact with another person without consent. *Charky v. Altman, 252 AD2d 413.* Neither of the

requirements of New York State Civil Assault or Battery can be made based on Investigator Arrowood's actions in this matter.   See Exhibits A, B, C and E, entirety.

**THIRTEENTH CAUSE OF ACTION (Failure to Intervene)**

There is no New York State Cause of Action for Failure to Intervene and therefore this cause of action should be disallowed.

If the Court were to choose to use the federal requirements for a cause of action for failure to intervene to fashion a New York State cause of action the Plaintiff must show  that (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) the officer knew that the victim's constitutional rights were being violated; and (3) the officer did not take reasonable steps to intervene.  *Colon v. City of Rochester 419 F.Supp.3d 586, W.D. New York.*  Investigator Arrowood was at all times outside of the house at 6 Vinewood and had no contact with the Plaintiff Dedrick James.   He was in no position to witness any alleged constitutional violation or harm, much less intervene to prevent any harm.  See Exhibit C, pgs. 50-60.

**CONCLUSION**

**WHEREFORE**, it is respectfully requested that City Defendants' Motion for Summary Judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendant the costs and disbursements of this proceeding.

Dated: June 25, 2025				PATRICK BEATH
						CORPORATION COUNSEL

/s/ John M. Campolieto
_____
BY: John M. Campolieto, Esq., of Counsel
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To:    All Parties (ECF)